# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| VISUAL COMFORT OF AMERICA LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 4:19-cv-03933 (DH) |
| | § | |
| v. | § | Jury Trial Demanded |
| | § | |
| SAFAVIEH, INC. and JONATHAN | § | |
| Y DESIGNS, INC., | § | |
| | § | |
| Defendants. | § | |

## FIRST AMENDED COMPLAINT

1.     Visual Comfort of America LLC ("Visual Comfort") designs and sells distinctive designer lighting and light fixtures that are well known in the industry both for the quality of their construction and the uniqueness of their designs. While it is often said that imitation is the sincerest form of flattery, as set forth below Defendants Safavieh, Inc. and Jonathan Y Designs, Inc. have used imitation as a means to compete unfairly with Visual Comfort in violation of the Lanham Act and state law.

2.     Rather than design and develop their own lighting products and invest in research and development, as Visual Comfort has done, Defendants have instead leveraged and

misappropriated Visual Comfort's reputation and brand equity by copying Visual Comfort's

proprietary product designs for their own benefit. As a result, Visual Comfort is suffering harm

to the value, distinctiveness, and brand identity associated with its proprietary product designs

that have been built up through use thereof in U.S. interstate commerce for over many years and

is losing control over its goodwill, reputation, and premium brand image.  Accordingly, the harm

that has been suffered and continues to be suffered by Visual Comfort as a result of Defendants'

acts of infringement and unfair competition alleged herein is irreparable, and Defendants'

wrongful activities will continue unless enjoined by the Court.

<u>**PARTIES**</u>

3.      Visual Comfort is a limited liability company organized and existing under the

laws of the State of Texas, and has its principal place of business at 22400 Northwest Lake

Drive, Houston, TX 77095 USA. Members of Visual Comfort reside in Texas and Delaware.

4.      Upon information and belief, Safavieh, Inc. is a corporation organized under the

laws of the State of New York, and doing business in Texas, and elsewhere, with its principal

place of business at 40 Harbor Park Drive North, Port Washington, New York 11050.

5.      Upon information and belief, Jonathan Y Designs, Inc. is a corporation organized

under the laws of the State of New York, and doing business in Texas, and elsewhere, with an

address at 135 Greene Street, Apt. 4S, New York, New York 10012.

**FIRST AMENDED COMPLAINT**                                                          **Page 2**

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court with respect to the claims set forth herein arises under

the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq.,  and 28 U.S.C. §§ 1331 and

1338(a). Jurisdiction is also founded on 28 U.S.C. § 1332 given that the amount in controversy

exceeds $ 75,000 exclusive of interests and costs and the parties are all citizens of different

states. The Court also has supplemental jurisdiction over the state law claims in this action

pursuant to 28 U.S.C. § 1367.

7.      This Court has personal jurisdiction over Defendants because Defendants are

conducting business in this State, including in this District by, *inter alia*, selling lighting and

other products directly to Texas residents and businesses through prominent retail sites

including: Build.com, Amazon.com, BedBathandBeyond.com, Overstock.com,

HomeDepot.com, Target.com, WalMart.com and Wayfair.com, among many others

(collectively, the "Retailer Sites"). Defendants have engaged in tortious and other wrongful

conduct with foreseeable injurious effects within this State, including this District. Such conduct

gives rise to jurisdiction in Texas under the Texas Long Arm Statute, Tex. Civ. Prac. & Rem.

Code § 17.042.

8.      Venue in this District is appropriate pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

9.      Visual Comfort has been in the business of manufacturing, selling, and distributing ornamental lamps and decorative lighting fixtures for the residential home market since it was founded in 1987. Since that time, Visual Comfort has developed an industry recognized standard and worldwide reputation as a leader in the decorative lighting industry and Visual Comfort is well known in the industry for its high quality products and distinctive, unique, and original designs created by highly coveted, industry- known designers, at great expense to Visual Comfort. As a worldwide industry leader, Visual Comfort's products are marketed to high end retailers, designers, builders, and customers throughout the United States and in dozens of other countries.

10.     The creation and development of Visual Comfort's designs and reputation has come at great expense to Visual Comfort. Over the years, Visual Comfort has expended substantial resources in engaging well-known designers to create exclusive lighting designs, and in promoting, manufacturing, and selling its lighting fixtures. In doing so, Visual Comfort has built a valuable business based on demand for its distinctively-styled, quality lighting fixtures. For over thirty years, Visual Comfort's designers have created hundreds of distinctive lighting designs, and have spent countless hours on the creation of these original designs.

**FIRST AMENDED COMPLAINT**                                                    **Page 4**

11.     As a result of Visual Comfort's substantial and ongoing investment in its designs and materials, Visual Comfort has become uniquely identifiable in the market as a provider of distinctively-styled, high quality lighting fixtures.

12.     Visual Comfort's products are displayed and marketed throughout the United States through various means, including: in permanent showrooms in High Point, North Carolina, Las Vegas, Nevada, and Dallas, Texas; in retail lighting showrooms, designer showrooms, trade showrooms, and furniture showrooms throughout the United States; and in print catalogs.

13.     From its inception, Visual Comfort has taken great effort to ensure that only original, high-quality lighting products are made and distributed under the Visual Comfort name.

14.     In addition to its expensive and time consuming development and design process, Visual Comfort also markets and sells its lighting products in lines of collections, grouped together based on certain shared themes, motifs, and characteristics to capitalize on their distinctive features and standout quality. As a result of years of investment in its products, the distinctive designs and trade dress of many of its products have acquired secondary meaning in the marketplace.

15.     In the minds of the professional designers, lighting industry customers, and consumers of Visual Comfort's products, the primary significance of the trade dress of each

**FIRST AMENDED COMPLAINT**                                                                 **Page 5**

product identifies it as coming from Visual Comfort. Each of Visual Comfort's products, with its distinctive design and trade dress, has achieved significant sales success.

16.     In particular, Visual Comfort's distinctive designs and trade dress includes the designs and trade dress of its products shown and described in detail at Exhibit A attached hereto, hereby incorporated into this pleading by reference (collectively, the "Original Designs").

17.     Visual Comfort's commitment to distinctive design, quality, and excellence is an aspect of Visual Comfort's business that sets it apart from many other lighting manufacturers.

## DEFENDANTS' INFRINGING ACTIVITIES

18.     Upon information and belief, Defendant Safavieh manufactures, sells, or otherwise distributes, *inter alia*, home furnishings and accessories, including, but not limited to, lamps and lighting fixtures. Defendant Savavieh manufactures, sells, or otherwise distributes lamps and lighting fixtures in competition with Visual Comfort. Defendant Safavieh's merchandise is marketed, promoted and sold through a variety of means, including at traditional brick and mortar retail stores; on the company's website, www.Safavieh.com; and on the Retailer Sites.

19.     Upon information and belief, Defendant Jonathan Y manufactures, sells, or otherwise distributes lamps and lighting fixtures in competition with Visual Comfort.  Defendant Jonathan Y's merchandise is marketed, promoted and sold through a variety of means, including on the company's website, www.JonathanY.com, and on the Retailer Sites.

**FIRST AMENDED COMPLAINT**                                          **Page 6**

20.     Defendants' own websites and the Retailer Sites are accessible to the public in Texas, and, upon information and belief have been accessed by Texas residents.

21.     Defendants have manufactured, sold, or otherwise reproduced, displayed and distributed lighting fixtures that violate the intellectual property rights and protections afforded to Visual Comfort under U.S. trademark and unfair competition laws, and Texas common law. Exhibit B attached hereto, and hereby incorporated into this pleading by reference, shows a side-by-side comparison of Visual Comfort's Original Designs and corresponding Infringing Products of Defendants forming the basis of Visual Comfort's causes of action asserted in this action.[1]

22.     Defendants have also engaged in imitation of the unique and distinctive designs, staging, and layouts of Visual Comfort's product catalog and website marketing materials, exacerbating the likelihood of marketplace confusion arising from Defendants' infringement of Visual Comfort's product design trade dress, and further evidencing Defendants' clear intent to freeride on the marketplace goodwill associated with Visual Comfort's products.  Exhibit C attached hereto, and hereby incorporated into this pleading by reference, shows select pages from Visual Comfort's catalog and website reflecting the unique and distinctive designs, staging, and layouts of Visual Comfort's marketing materials, and select pages from Defendants' product

---

[1] Visual Comfort does not represent that the Infringing Products of Defendants shown at Exhibit B reflect all of the Infringing Products of Defendants that form the basis of Visual Comfort's causes of action asserted in this action. Visual Comfort expressly reserves the right to identify further Infringing Products of Defendants that may be revealed during discovery in this action.

**FIRST AMENDED COMPLAINT**                                              **Page 7**

catalog and website reflecting Defendants' copying of the designs, staging, and layouts of Visual Comfort's marketing materials.

23.     As the Exhibits clearly demonstrate, Defendants have effectively stolen what Visual Comfort has created over more than a decade of development. They are aware of the Original Designs sold by Visual Comfort, and have intentionally and improperly capitalized on Visual Comfort's creation of the Original Designs through extensive time, labor, skill, and money, for Defendants' benefit.

24.     Visual Comfort actively advertises, markets, and otherwise promotes the Original Designs, and has incurred substantial expense in developing and promoting the Original Designs since at least 2007. The Original Designs embody a valuable and protectable trade dress in the perception of purchasers and potential purchasers of lighting fixtures. The trade dress of the Original Designs, as shown and described at Exhibit A, include the impression created by the overall appearance of the primarily non-functional elements of each of the Original Designs.

25.     The design elements and combinations of elements of the Original Designs, along with Visual Comfort's distinctive marketing of the Original Designs, are entirely unique and distinctive to the lighting industry and immediately identify the Original Designs as originating from Visual Comfort.

26.     Visual Comfort's Original Designs are widely recognized by the trade and the relevant consuming public, and have built extensive goodwill and acquired secondary meaning

**FIRST AMENDED COMPLAINT**                                                      **Page 8**

among the relevant trade and public as symbols identifying Visual Comfort as the source of origin of the Original Designs. To wit, Visual Comfort's considerable investment in the design and quality of its products has resulted in Visual Comfort winning numerous industry awards and securing favorable reviews.

27.     Visual Comfort's catalogs, brochures, showrooms, and website are organized and designed to enhance and encompass the trade dress in the Original Designs. Additionally, since at least 2007, Visual Comfort has advertised the Original Designs in industry publications, and recognized industry experts have provided unsolicited press coverage of Visual Comfort's products in various industry publications.

28.     Visual Comfort's advertising and sales efforts, which, along with the development of Visual Comfort's products, have come at great expense to Visual Comfort, have caused the Original Designs to be recognized as originating from a single source.

29.     As a result of the widespread sales, use, and display of the Original Designs, Visual Comfort's expenditures in advertising, marketing, and otherwise promoting the Original Designs, and the knowledge and acclaim of the Original Designs in the marketplace, the Original Designs have developed secondary meaning and extensive goodwill unique to Visual Comfort's products and serve a source-identifying function.

30.     Distributors of the Original Designs in the State of Texas recognize the Original Designs as distinctive Trade Dress in the State of Texas, and beyond.

**FIRST AMENDED COMPLAINT**                                                                              **Page 9**

31.     The Original Designs each embody a protectable trade dress in the perception of purchasers and potential purchasers of lighting fixtures, and previously Visual Comfort has successfully enforced its rights with respect to the Original Designs.

32.     Defendants have offered for sale, sold, and otherwise distributed in the United States, lighting fixtures that infringe Visual Comfort's trade dress rights. Rather than develop their own products and catalog and compete fairly with Visual Comfort, Defendants have instead stolen the trade dress of Visual Comfort's Original Designs for use in competition with Visual Comfort, thereby gaining a special advantage over Visual Comfort because Defendants have not had to spend the significant amount of time and money necessary to develop their own products.

33.     At present, customers, including Texas customers, can register on Defendants' websites to obtain prices to purchase merchandise from Defendants, including the Infringing Products.

34.     Further, Defendants offer the Infringing Products for sale on Retailer Sites and Defendant Safavieh sells lighting merchandise at exhibitions and trade shows, including at the High Point Market, in High Point, North Carolina, and the Las Vegas Market, in Las Vegas, Nevada.

35.     In 2019, after learning of Defendants' wrongdoing, Visual Comfort notified Defendants of their improper theft of Visual Comfort's designs, in writing, and demanded that Defendants immediately cease and desist from further infringement of Visual Comfort's designs.

**FIRST AMENDED COMPLAINT**                                             **Page 10**

Defendants, acting through counsel, denied the salient allegations of infringement and declined to cease the further manufacture, marketing, advertising, promotion and sale of the Infringing Products.

36.     Hence, despite Visual Comfort's written and oral notice and demands, Defendants continue to violate Plaintiffs' rights, by continuing their misappropriation, infringement, and other illegal activities in connection with the Infringing Products. Plaintiffs therefore bring this action to protect Plaintiff's rights under federal and state laws.

37.     As demonstrated by their continued knowing and intentional violation of Plaintiffs' rights, unless this Court enters an injunction and/or grants the other relief requested herein, Defendants will continue to display, sell, and offer for sale the Infringing Products.

38.     Defendants intended to reap, and have reaped, the benefit of Visual Comfort's success in the Original Designs by offering for sale and selling the Infringing Products, to Visual Comfort's substantial detriment.

39.     Visual Comfort has not licensed or otherwise authorized Defendants any rights to use, offer for sale, sell, advertise, promote, display, or reproduce the Original Designs, or create derivative works of the Original Designs, or to make any other uses of the Original Designs in the United States or elsewhere.

40.     The Infringing Products, and the promotional materials related thereto, have caused, and are likely to continue to cause, confusion, mistake and/or deception as to the source

of origin of the Infringing Products in that the public, the trade and others are likely to believe that the Infringing Products (including those sold, shipped and promoted by Defendants) are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to Visual Comfort.

41.     Defendants' lighting fixtures are advertised, promoted, and sold in the same channels of trade and are directed to the same customers as Visual Comfort's lighting fixtures. Both Visual Comfort and Defendants rely on the internet, showrooms, trade shows, and industry publications to advertise, display and otherwise promote their products.

42.     Visual Comfort has no control over the nature, quality or pricing of the Infringing Products and promotion thereof, or any other aspect of Defendants' business conduct, thereby creating a potential adverse effect on the goodwill created in the trade dress of the Original Designs, and Visual Comfort's considerable efforts and expenditures to promote the trade dress of the Original Designs and its genuine lighting fixtures.

43.     Defendants are violating Visual Comfort's trade dress rights in its distinctive, decorative lighting fixtures and is diminishing the value of Visual Comfort's products. Defendants' unauthorized use of such trade dress is likely to erode the distinctiveness of and dilute the trade dress of the Original Designs.

44.     Defendants willfully and intentionally violated the trade dress of the Original Designs with the deliberate intention of trading on the valuable goodwill and reputation established in the trade dress of the Original Designs.

45.     Unless restrained by this Court, Defendant will continue to willfully and intentionally use, without authority from Visual Comfort, the trade dress of the Original Designs in connection with the Infringing Products.

**COUNT I**
**<u>MISAPPROPRIATION</u>**

46.     Plaintiff re-allege and restate each and every allegation set forth above, and incorporate them herein by reference.

47.     Visual Comfort spent extensive time, labor, skill, money, and other resources developing its designs, products, reputation, and goodwill in the marketplace.

48.     Defendants misappropriated designs, products, reputation, and goodwill by taking the fruits of Visual Comfort's research, development, and effort—Visual Comfort's distinctive lighting designs and products—with little or no cost to Defendants, and using them for Defendants' benefit, in competition with Visual Comfort, thereby gaining a special, improper, and illegal advantage.

49.     Defendants' aforementioned acts constitute misappropriation in violation of the common law of the State of Texas.

**FIRST AMENDED COMPLAINT**                                                   **Page 13**

50.     Defendants' improper misappropriation of Visual Comfort's designs, products, reputation, and goodwill caused, and continue to cause, commercial damage to Visual Comfort, all to Defendants' ill-gotten benefit.

51.     Upon information and belief, Defendants will continue their acts of misappropriation, and Plaintiff will be irreparably harmed thereby, unless this Court enjoins Defendants from engaging in such activities.

**COUNT II**
**FEDERAL TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

52.     Plaintiffs re-allege and restate each and every allegation set forth above, and incorporate them herein by reference.

53.     Defendants' unauthorized use of a trade dress in connection with lighting fixtures for Infringing Products that have caused confusion and are likely to cause confusion with the trade dress of the Original Designs constitutes trade dress infringement, false designation of origin, false or misleading description of fact, and false or misleading representation of fact and unfair competition, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), to the substantial and irreparable injury of the public and of Visual Comfort, including its business reputation and goodwill.

54.     By such wrongful acts, Defendants have caused, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiffs, to sales

**FIRST AMENDED COMPLAINT**                                          **Page 14**

representatives and distributors who legitimately sell Visual Comfort's products, and to the goodwill associated with the distinctive trade dress of the Original Designs, including diversion of customers, lost sales, and lost profits.

55.     Defendants' aforementioned acts of trade dress infringement, false designation of origin and unfair competition have been intentional, malicious, and willful

56.     Upon information and belief, Defendants will continue their acts of infringement and false designation of origin, and Plaintiff will be irreparably harmed thereby, unless this Court enjoins Defendants from engaging in such activities. Plaintiff has no adequate remedy at law.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

57.     Plaintiffs re-allege and restate each and every allegation set forth above, and incorporate them herein by reference.

58.     Defendants' aforementioned acts constitute unfair competition under Texas common law.

59.     Defendants' aforementioned acts of unfair competition have been intentional, malicious, and willful.

60.     Plaintiff has been damaged by Defendants' aforementioned acts.

**FIRST AMENDED COMPLAINT**                                        **Page 15**

61.     Upon information and belief, Defendants will continue their acts of unfair competition, and Plaintiff will be irreparably harmed thereby, unless this Court enjoins Defendants from engaging in such activities. Plaintiff has no adequate remedy at law.

**COUNT IV**
**UNJUST ENRICHMENT**

62.     Plaintiffs re-allege and restate each and every allegation set forth above, and incorporate them herein by reference.

63.     Defendants have been unjustly enriched by engaging in the above described activities, which constitute a benefit from Plaintiff taken by an undue advantage. Defendants have wrongfully secured a benefit which would be unconscionable for them to retain.

64.     The acts of Defendants complained of herein constitute unjust enrichment of Defendants at Plaintiffs' expense, under the common law of the State of Texas.

65.     Plaintiff has been damaged by Defendants' aforementioned acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment and relief against Defendants as follows:

A.  Determining that Defendants and those acting in privity have directly infringed Visual Comfort's trade dress rights in the Original Designs and committed acts of misappropriation, unfair competition and unjust enrichment;

**FIRST AMENDED COMPLAINT**                                    **Page 16**

B.   Granting a permanent injunction restraining Defendants, each of their officers, directors, principals, agents, servants, employees, parent companies, subsidiaries, related entities, successors and assigns, and all individuals acting in concert or participation with them, from:

(i)     using any designs or any other designations of origin which are confusingly similar to, or which colorably imitate, the trade dress of Visual Comfort's Original Designs, in connection with the advertising, marketing, offering for sale, sale, or distribution of any product, which is likely to cause confusion or mistake in the mind of the public or to deceive the public into the belief that Defendants' business, goods and/or services are in any way associated with or related to Visual Comfort and/or its goods, including, but not limited to, the Original Designs;

(ii)    otherwise directly or indirectly infringing Visual Comfort's trade dress rights;

(iii)   engaging in false designation of origin, false advertising, false representations, passing off, or otherwise engaging in unfair methods of competition, unfair or deceptive trade acts or practices, or competing unfairly with Visual Comfort; and,

(iv)    engaging in any other conduct that is likely to cause confusion or to cause mistake or to deceive as to the source, affiliation, connection, or

**FIRST AMENDED COMPLAINT**                                              **Page 17**

association of Defendants and/or their products with Visual Comfort

and/or its products.

C.   Directing Defendants to use their best efforts to recall from the trade, including from

any and all distributors, wholesalers, dealers, retailers, and all other third parties, any and all

Infringing Products that are confusingly similar to the trade dress of Visual Comfort's Original

Designs, along with all marketing, advertising, promotional and sales materials used in

connection with any such products;

D.   Directing Defendants to file with the Court and serve on counsel for Visual Comfort,

within thirty (30) days after entry of any injunction issued by the Court in this action, a sworn

statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form by which

Defendants have complied with the injunction;

E.   Directing Defendants to account for all gains, profits, and advantages derived from

their acts of infringement, false designation, passing off, unfair competition, misappropriation,

unjust infringement, and other violations of law;

F.   Directing that Defendants be ordered to pay to Visual Comfort all profits realized by

Defendants by reason of the unlawful acts of Defendants set forth in this Complaint, pursuant to

15 U.S.C. § 1117 and state law;

**FIRST AMENDED COMPLAINT**                                                    **Page 18**

G.  Directing that Defendants be ordered to pay to Visual Comfort all damages suffered by Visual Comfort by reason of the unlawful acts of Defendants set forth in this Complaint, pursuant to 15 U.S.C. § 1117 and state law;

H.  Directing that Defendants be ordered to pay to Visual Comfort punitive and/or exemplary damages as provided by law as a result of Defendants' malicious conduct set forth in this Complaint;

I.  Directing that Defendants be ordered to pay to Visual Comfort its reasonable attorney's fees, costs, and disbursements incurred herein as a result of Defendants' intentional and willful infringements and acts of unfair competition, pursuant to 15 U.S.C. § 1117;

J.  Awarding Visual Comfort pre-judgment and post-judgment interest to the maximum extent permitted by law; and

K.  Awarding Visual Comfort such other and further relief as the Court may deem just and proper.

**FIRST AMENDED COMPLAINT**                                                                                 **Page 19**

## <u>DEMAND FOR JURY TRIAL</u>

Visual Comfort demands a trial by jury of all counts so triable.

Dated: November 22, 2019

Respectfully submitted,

**FERDINAND IP, LLC**

By: /s/ Edmund J. Ferdinand, III
Edmund J. Ferdinand, III
*Pro Hac Vice*
NY Federal ID No. 9885
NY State Bar No. 2605988
jferdinand@24iplg.com
450 Seventh Avenue, Suite 1300
New York, New York 10123
Phone: (212) 220-0523

**BOYARMILLER**
Andrew Pierce
Texas Bar No. 24060400
Federal ID No. 919001
apearce@boyarmiller.com
Whitney Brieck
Texas Bar No. 24068655
Federal ID No. 1724668
wbrieck@boyarmiller.com
Kirby Grove
2925 Richmond Avenue, 14th Floor
Houston, Texas 77027
Telephone: (713) 850-7766
Facsimile: (713) 552-1758

*Attorneys-In-Charge for*
*Visual Comfort of America, LLC*

**FIRST AMENDED COMPLAINT**                                    **Page 20**

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of November, 2019, this First Amended Complaint was electronically filed with the Clerk of the Court using the CM/ECF system, and served on the following counsel of record via CM/ECF with a courtesy copy sent by electronic means.

Mark Samuel Kaufman, Esq.
Kaufman Kahn LLP
10 Grand Central
155 East 44th Street
19th Floor
New York, NY 10017
212-293-5556
Email: kaufman@kaufmankahn.com

By: /s/ Edmund J. Ferdinand, III

Edmund J. Ferdinand, III

Pro Hac Vice